STATE OF OREGON,
*Respondent,*

*v.*

MARY SETTLER,
*Appellant.*

(83-07-33299); CA A35093 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

CARL SETTLER,
*Appellant.*

(83-07-33298; CA A35094)

STATE OF OREGON,
*Respondent,*

*v.*

RANDY ALVIN SETTLER,
*Appellant.*

(83-07-33295; CA A35095)
(Cases Consolidated)

726 P2d 410

Lawrence Matasar, Portland, argued the cause for appellants. With him on the brief was Hoffman, Matasar & Glaeser, Portland.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

Young, J., dissenting.

## PER CURIAM

Defendants are Yakima Indians. They appeal from judgments convicting them of receiving, possessing and selling food fish out of season. ORS 509.011(2)(a); 506.991(3). They assign error to the trial court's denial of their motion for judgments of acquittal. We reverse.

Defendants' primary argument is that the state may not enforce its fishing laws against treaty Indians without alleging and proving a conservation necessity for doing so. We have recently held that the state may not convict a treaty Indian of taking fish out of season or of selling a game animal on ceded land without proving a conservation necessity for imposing the state's laws in an area which is subject to tribal control. It does not matter whether the Indians' actions were legal under tribal law; the treaty rights foreclosed the state from acting. *State v. Jim (Bruce),* 81 Or App 189, 725 P2d 372 (1986); *State v. Jim (Warner),* 81 Or App 177, 725 P2d 365 (1986). The state did not prove a conservation necessity in this case. The court should have granted the motions for acquittal.

Reversed.

**YOUNG, J.,** dissenting.

I dissent, because I am generally in agreement with the concurrence of Rossman, J., in *State v. Jim (Warner),* 81 Or App 177, 725 P2d 365 (1986).