Submitted on record and briefs July 27, 1987, affirmed April 20, reconsideration denied June 10, petition for review denied June 28, 1988 (306 Or 155)

# STATE OF OREGON,
*Respondent,*

*v.*

# LEE MICHAEL BERRY,
*Appellant.*

(85-03810; CA A42138)

753 P2d 433

Timothy M. Dolan, Garibaldi, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Defendant, an enrolled member of the Confederated Tribes of the Siletz Indians, was convicted by a jury for illegal possession of gillnetted salmon. ORS 509.011. On appeal, he argues that the state failed to establish jurisdiction and that the trial court violated his right to proceed *pro se* by appointing an attorney advisor to assist him. We affirm.

■ Defendant contends that the state has no authority to enforce a state fishing regulation against him, because it was not shown that the enforcement of the regulation was reasonable and necessary for conservation purposes. We disagree. The state was not required to prove a conservation necessity to regulate in this case. In contrast to the cases relied upon by defendant,[1] his fishing rights were not derived from a treaty, but rather from an agreement between the State of Oregon, the United States of America and the Confederated Tribes of the Siletz Indians of Oregon. The agreement permanently defines the tribal hunting, fishing and gathering rights of the Siletz tribes and its members and was made fully effective by a final judgment entered by the United States District Court for the District of Oregon in *The Confederated Tribes of Siletz Indians of Oregon v. State of Oregon,* No. 80-433 (D Or May 2, 1980).[2]

The Siletz agreement states, in pertinent part:

"Prohibited Acts. The following acts shall not be included within the tribe's special fishing rights and are *subject to regulation* under applicable *state* or federal law:

"* * * * *

---

[1] *State v. Settler,* 81 Or App 518, 726 P2d 410 (1986), *rev den* 302 Or 461 (1986), *cert den* ____ US ____ (1987); *State v. Jim (Bruce),* 81 Or App 189, 725 P2d 372 (1986); *State v. Jim (Warner),* 81 Or App 177, 725, P2d 365 (1986), *rev den* 302 Or 571 (1987).

[2] Before the agreement, by which Congress restored and recognized the tribe, Congress specifically declined to "grant or restore any hunting, fishing, or trapping right of any nature, including any indirect or procedural right or advantage to the tribe or any member of the tribe * * *." 25 USC § 711 a(c) (1982). In 1980, Congress authorized the establishment of a reservation for the tribe, stating that, "[t]hose rights as declared and set forth in the May 2, 1980, final judgment and decree shall constitute the exclusive and final determination of all tribal rights to hunt, fish or trap that the Siletz tribe or its members possess." Pub L 96-340, § 4, 94 Stat 1072 (1980). The Siletz agreement was adopted in Oregon, in its entirety, as an administrative rule. OAR 635-41-500.

"(2)  Net fishing, including gill netting, * * *." (Emphasis supplied.)

There are no lawful seasons on the Siletz River to fish with a gillnet. *See* OAR 635-41-510; OAR 635-41-515. Because the agreement clearly provides authority for the state to regulate gillnetting, there is no requirement that the state prove a conservation necessity. Defendant's possession of gillnetted salmon was clearly in violation of state law, and the state had the authority to enforce the regulation against defendant.[3] *See* ORS 509.011.

Defendant next argues that his constitutional right to represent himself was violated when the court appointed an attorney advisor to assist him during the course of the trial. Defendant contends that the advisor pressed him to make several objections during the course of the trial, which interfered with his defense strategy, which was to remain mute in silent protest of the proceeding. In *State v. Verna,* 9 Or App 620, 624, 498 P2d 793 (1972), we held that "[a] defendant in a criminal case has the constitutional right not only to be represented by counsel, but also, if he so elects, to represent himself." Or Const, Art 1, § 11. At the outset of the trial, defendant requested that his court-appointed attorney be removed and that another attorney be appointed to represent him. The trial court denied the motion,[4] and defendant requested that he be allowed to represent himself. The court allowed defendant to proceed *pro se* but, because of defendant's statements that he was not versed in legal jargon and that he did not know how to cross-examine witnesses or conduct *voir dire,* the court appointed the attorney to serve as an advisor.[5] The court explained that defendant was free to consult with the attorney advisor, but was not required to do so. Defendant objected.

The appointment of the advisor was within the trial court's authority. *State v. LeMay,* 27 Or App 447, 449-450 n 1,

---

[3] At trial, defendant argued that, as a member of the Siletz tribe, his possession of gillnetted salmon was protected by the First Amendment. However, on appeal, he has not assigned error to the trial court's decision on that ground. Accordingly, we decline to reach the issue on appeal.

[4] Defendant has not assigned the denial as error.

[5] Defendant did not indicate to the court that he intended to remain mute throughout the proceeding until after *voir dire* had been completed.

556 P2d 688 (1976). Our review of the record indicates that, although the advisor suggested that defendant make several objections, he made the objections himself and offered no protest regarding the objections until the following day. Defendant's right to represent himself was not violated.

Affirmed.